```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
*================================================*
KYLE FREISTAT,
                    PLAINTIFFS,           NOTICE:OF SUMMONS COMPLAINT
        +against=                          UNIFORM RULE$202.5=bb
DANIEL GASPERETTI et al,                  17-CV-6304 (RRM)(LB)
                    Defendants.
*================================================*
```

ATTENTION, HONORABLE LOIS BLOOM, UNITED STATES MAGISTRATE JUDGE, THANK YOU FOR YOUR TIME AND AS ALLWAYS YOUR HONESTY, IM BRINGING TO YOUR ATTENTION A FOREGOING SUMMONS COMPLAINT THAT I JUST RECIEVED ON, 3/12/20, from defendant, DANIEL GASPERETTI, BY HIS ATTORNEYS, DECOLATOR, COHEN & DIPRISCO, LLP

I DONT KNOW IF ITS THE RIGHT THING FOR ME TO BRING THISE MATTER TO YOUR ATENTION BUT, I HAVE FOR IN MY HEART I FEEL ITS THE RIGHT THING TO DO, SORRY FOR PUTTING YOU OUT OF YOUR WAY ,PLEASE FORGIVE, ME, AND I THANK YOU FOR YOUR TIME, GOD BLESS YOU.......

KYLE FREISTAT a/k/a, joel burnett
c/o, great meadow correctional facility
11739, state route 22, p.o.box, 51
comstock, new york, 12821=0051

YOURS, etc. *Joel Burnett*

FILED IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ MAR 19 2020 ★
BROOKLYN OFFICE

RECEIVED MAR 19 2020 PRO SE OFFICE

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x
DANIEL GASPERETTI,

                Plaintiff/Petitioner,

    - against -                    Index No. 703013/2020

KYLE D. FREISTAT a/k/a JOE BURNETT
and DANIELLE MCPHILL,

                Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The benefits of participating in e-filing include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
DANIEL GASPERETTI,

                                    Plaintiff,

- against -

KYLE D. FREISTAT a/k/a JOEL BURNETT and
DANIELLE MCPHILL,

                                  Defendants.
-----------------------------------------------------------------X

**SUMMONS**

Index No. 703012/2020

Date Filed: 2/20/2020

TO THE ABOVE NAMED DEFENDANT(S):

***YOU ARE HEREBY SUMMONED*** to appear in this action by serving a notice of appearance on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is place of occurrence.

Dated: Garden City, New York
February 20, 2020

                                                        Yours, etc.

                                                        Decolator, Cohen & DiPrisco, LLP

                                                        By: Dominic DiPrisco, Esq.
                                                        Attorneys for Plaintiff
                                                        1399 Franklin Avenue, Suite 300
                                                        Garden City, New York 11530
                                                        (516) 742-6575

DEFENDANT'S ADDRESS:

KYLE F. FREISTAT
a/k/a JOEL BURNETT
109-21 157th Street
Jamaica, New York 11433

DANIELLE MCPHILL
645 Glen Circle Drive
Tobyhanna, Pennsylvania 18466

KYLE F. FREISTAT a/k/a JOEL BURNETT
c/o Great Meadow Correctional Facility
11739 State Route 22 P.O. Box 51
Comstock, New York 12821-0051

DANIELLE MCPHILL
c/o Secretary of State
Albany, New York
(Pursuant to Section 253 of the VTL)

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X   Index No. 703013/2015

DANIEL GASPERETTI,

                               Plaintiff,                   **VERIFIED**

-against-                                                         **COMPLAINT**

KYLE D. FREISTAT a/k/a JOEL BURNETT and
DANIELLE MCPHILL,

                               Defendants.
------------------------------------------------------------------X

       Plaintiff, by his attorneys, DECOLATOR, COHEN & DIPRISCO, LLP, as and for his Verified Complaint, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

       1.     That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Queens, State of New York.

       2.     At all times hereinbefore mentioned, plaintiff was and still is a police officer employed by the New York City Police Department and was acting within the scope and furtherance of his duties.

       3.     Upon information and belief, at all times hereinafter mentioned, the defendant, KYLE D. FREISTAT a/k/a JOEL BURNETT, was and still is a resident of the County of Queens, City and State of New York.

       4.     Upon information and belief, at all times hereinafter mentioned, the defendant, DANIELLE MCPHILL, was and still is a resident of the State of Pennsylvania.

5. Upon information and belief, at all times hereinafter mentioned, the defendant, DANIELLE MCPHILL, was the owner of a certain 2005 Nissan motor vehicle, bearing Pennsylvania registration number KKD7712.

6. Upon information and belief, at all times hereinafter mentioned, the defendant, KYLE D. FREISTAT a/k/a JOEL BURNETT, was the operator of a certain 2005 Nissan motor vehicle, bearing Pennsylvania registration number KKD7712.

7. That at all times hereinafter mentioned, the defendant, KYLE D. FREISTAT a/k/a JOEL BURNETT, operated and controlled the said motor vehicle with the express and/or implied permission and consent of the owner/defendant, DANIELLE MCPHILL, thereof.

8. That at all times hereinafter mentioned, the plaintiff was lawfully and properly a pedestrian.

9. On or about July 26, 2017, at or about 112-18 178th Street, with its intersection at 112th Avenue, in the County of Queens, City and State of New York, was and still is a public highway.

10. At the time and place aforesaid, the motor vehicle operated by defendant, KYLE D. FREISTAT a/k/a JOEL BURNETT, came into contact with the person of the plaintiff.

11. On or about July 26, 2019, at approximately 4:00 p.m., while the plaintiff, was lawfully and properly a pedestrian at the location as afore-described, defendant, KYLE D. FREISTAT a/k/a JOEL BURNETT, at the time operated his vehicle in such a negligent and careless fashion as to cause a collision to occur, causing severe personal injuries to the plaintiff.

12. The said collision was caused solely and wholly by reason of the negligence and carelessness of the defendant with no fault or culpable conduct on the part of the plaintiff contributing thereto.

13. The said defendant so negligently and carelessly owned, managed, operated and controlled his said motor vehicle, that without any negligence or fault on the part of the plaintiff, and solely by reason of the negligence and carelessness of said defendant, defendant's motor vehicle suddenly came into violent contact with the plaintiff's person and, as a result, the plaintiff sustained the injuries hereinafter described.

14. Plaintiff has sustained serious injuries as same are defined in Subdivision (d) of Section 5102 of the Insurance Law of the State of New York and economic loss greater than basic loss as defined in said section of the law.

15. This action falls within one or more of the exceptions set forth in CPLR Section 1602.

16. As a result of defendant negligence as aforesaid, the plaintiff was severely injured both internally and externally, that plaintiff became sick, sore, lame and disabled, and has suffered great pain, shock and mental anguish and will continue to suffer for a long time to come and, upon information and belief, has been permanently injured; that by reason of the foregoing, the plaintiff, has been obligated to and did necessarily employ medical aid and medicines in an attempt to cure said injuries; that plaintiff was incapacitated from work by reason, and by reason of said disabilities plaintiff lost wages, salary and earnings all to plaintiff's damage in an amount in excess of the maximum monetary jurisdiction of all lower courts of the State of New York.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR AND ON BEHALF OF THE PLAINTIFF

17.     The plaintiff repeats, reiterates and realleges all of the facts set forth in paragraphs "1" through "13", inclusive with the same force and effect as though more fully set forth herein.

18.     At all times hereinbefore mentioned, the plaintiff was and still is a police officer employed by the New York City Police Department and was acting within the scope and furtherance of his duties.

19.     At all times hereinbefore mentioned, the defendant neglected, omitted and/or was wilfully and/or culpably negligent in failing to comply with Sections 1146(a), 1192, 1180(a), 1212, 1172-a, 600(2a), 1110(a), 375-40 (b)(v) and 375(1) of the Vehicle and Traffic Law.

20.     Defendant violated the said statutes in that the said defendant did: own, operate, maintain, supervise and control said motor vehicle in a dangerous, negligent, reckless and careless fashion; failed to exercise proper, reasonable and prudent control over said motor vehicle; operated the said motor vehicle at a dangerous and reckless rate of speed; failed to properly control the speed of the said motor vehicle; failed to properly check the speed of the said motor vehicle; failed and omitted to operate the said motor vehicle at a speed that was reasonable and prudent under the conditions then and there existent; failed and omitted to give due regard to the actual and potential hazards then and there existent; in failing to obey police instructions in driving the vehicle while plaintiff was conducting police activities; failed to properly bring the said motor vehicle to a halt; failed to properly control the said motor vehicle; failed to obey a traffic control device; failed to properly apply the brakes to the said motor

vehicle; failed to properly and prudently observe the road, roadway and traffic conditions then and there existent; failed to properly and prudently maintain the said motor vehicle; failed to avoid the happening of the accident complained of; operated the said motor vehicle in a dangerous, illegal, and unsafe fashion; failed to observe the traffic conditions and traffic control devices; signs and signals; failed to observe, obey and give due regard for the rules of the road; disregarded traffic signals, signs and devices.

21. Solely by reason of the foregoing, the plaintiff asserts a cause of action against the defendant pursuant to Section 205-e of the General Municipal Law.

22. Solely be reason of the negligence and carelessness of the defendant, and with no fault or culpable conduct on the part of the plaintiff contributing thereto, plaintiff, has sustained damages in an amount in excess of the maximum monetary jurisdiction of all lower courts of the State of New York.

WHEREFORE, plaintiff demands judgment against the defendant in the First and Second Causes of Action in an amount in excess of the maximum monetary jurisdiction of all lower courts of the State of New York, together with punitive damages, and the costs and disbursements of this action.

Dated: Garden City, New York
February 20, 2020

Yours, etc.

Decolator, Cohen & DiPrisco, LLP

By: Dominic DiPrisco, Esq.
Attorneys for Plaintiff
1399 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 742-6575

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ Attorney's Affirmation By Attorney

has been compared by me with the original and found to be a true and complete copy.

☒ Attorney's Affirmation state that I am the attorney(s) of record for **Plaintiff** in the within action; I have read the foregoing **Summons and Complaint** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by plaintiff is because the plaintiff resides in a county other than the one in which your deponent maintains his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: conversations with plaintiff and office records.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Garden City, New York; February 20, 2020

*signature*

The name signed must be printed beneath

Dominic DiPrisco

---

STATE OF NEW YORK, COUNTY OF                    ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ Individual Verification — in the action; I have read the foregoing                          and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate Verification — the                    of a                    corporation and a party in the within action; I have read the foregoing                    and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

The name signed must be printed beneath

---

STATE OF NEW YORK, COUNTY OF                    ss.:       (If more than one box is check—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                         I served the within

☐ Service By Mail — by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ Personal Service on Individual — by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein*:

☐ Service by Electronic Means — by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ Overnight Delivery Service — by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

Sworn to before me on

The name signed must be printed beneath

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF

DANIEL GASPERETTI,

                *Plaintiff*,

-against-

KYLE D. PREISTAT a/k/a JOEL BURNETT and DANIELLE MCPHILL,

                *Defendants*.

---

## SUMMONS AND COMPLAINT

**DECOLATOR, COHEN, & DIPRISCO, LLP**
ATTORNEYS AT LAW
*Attorneys for*
Plaintiff
*Office and Post Office Address, Telephone*
1399 Franklin Avenue • Suite 300
GARDEN CITY, NEW YORK 11530

TEL: (516) 742-6575
FAX: (516) 742-6706

---

To

Signature (Rule 130-1.1-a)

Print name beneath
Dominic DiPrisco

Attorney(s) for

Service of a copy of the within                  is hereby admitted.

Dated,

Attorney(s) for

---

Please take notice
☐ **NOTICE OF ENTRY**
   that the within is a (*certified*) true copy of a duly entered in the office of the clerk of the within named court on
☐ **NOTICE OF SETTLEMENT**
   that an order             of which the within is a true copy will be presented for settlement to the HON.           one of the judges
of the within named court, at
on                     at            M

Dated,

                                       Yours, etc.
              **DECOLATOR, COHEN, & DIPRISCO, LLP**
                          ATTORNEYS AT LAW
To                        *Attorneys for*

Attorney(s) for
                        *Office and Post Office Address*
                       1399 Franklin Avenue • Suite 300
                       GARDEN CITY, NEW YORK 11530

GREAT MEADOW CORRECTIONAL FACILITY
BOX 51
COMSTOCK, NEW YORK 12821-0051

NAME: Joel Burnett   DIN: 19A1353

RECEIVED
MAR 19 2020
PRO SE OFFICE

LEGAL MAIL

Honorable Lois Bloom
United States Magistrate Judge
Clerk of U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201